**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: 117575

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Juhyeon Park, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Dynamic Recovery Solutions, LLC and Pinnacle Credit Services, LLC,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Juhyeon Park, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Dynamic Recovery Solutions, LLC and Pinnacle Credit Services, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1.  This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Juhyeon Park is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Dynamic Recovery Solutions, LLC, is a South Carolina Limited Liability Company with a principal place of business in Greenville County, South Carolina.

9. On information and belief, Defendant Pinnacle Credit Services, LLC, is a Minnesota Limited Liability Company with a principal place of business in Hennepin County, Minnesota.

10. On information and belief, Defendant Dynamic Recovery Solutions, LLC regularly collects or attempts to collect debts asserted to be owed to others.

11. On information and belief, Defendant Pinnacle Credit Services, LLC regularly collects or attempts to collect debts asserted to be owed to others.

12. On information and belief, Defendant Dynamic Recovery Solutions, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. On information and belief, Defendant Pinnacle Credit Services, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. On information and belief, the principal purpose of Defendant Dynamic Recovery Solutions, LLC's business is the collection of such debts.

15. On information and belief, the principal purpose of Defendant Pinnacle Credit Services, LLC's business is the collection of such debts.

16. On information and belief, Defendant Dynamic Recovery Solutions, LLC uses the mails in its debt collection business.

17. On information and belief, Defendant Pinnacle Credit Services, LLC uses the mails in its debt collection business.

2

18. Defendant Dynamic Recovery Solutions, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Defendant Pinnacle Credit Services, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

20. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

21. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

22. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

23. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

24. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

25. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the

3

communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

26. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

27. Defendants allege Plaintiff owes a debt ("the alleged Debt").

28. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

29. The alleged Debt does not arise from any business enterprise of Plaintiff.

30. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

32. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

33. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated April 15, 2019. (**"Exhibit 1."**)

34. The Letter conveyed information regarding the alleged Debt.

35. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

36. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

37. The Letter was received and read by Plaintiff.

38. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

4

39. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

40. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1)**

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

43. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

44. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

45. An overstatement of the amount of a debt violates 15 U.S.C. § 1692g(a)(1).

46. The Letter claims that Plaintiff owed $38,263.48.

47. Plaintiff did not owe $38,263.48.

48. Plaintiff owed an amount less than $38,263.48.

49. Defendants overstated the amount owed by Plaintiff.

50. The Letter states, "**Itemization of balance: Charge-off Balance: $20,503.98**."

51. The Letter further states, "**Interest Accrued since Charge-off: $17,759.50**."

52. Upon information and belief, there were no such interest charges lawfully accruing on the alleged Debt.

53. The alleged Debt having been charged-off, the creditor may no longer charge such interest.

54. Defendants' overstatement of the amount owed by Plaintiff violates 15 U.S.C. § 1692g(a)(1).

55. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

5

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

56. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. An overstatement of the amount of a debt is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

59. An overstatement of the amount of a debt is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

60. An overstatement of the amount of a debt is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

61. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

62. An overstatement of the amount of a debt is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

63. An overstatement of the amount of a debt is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

64. An overstatement of the amount of a debt is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

65. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66. An overstatement of the amount of a debt is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

67. An overstatement of the amount of a debt is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

68. The Letter claims that Plaintiff owed $38,263.48.

69. However, Plaintiff did not owe $38,263.48.

70. Plaintiff owed an amount less than $38,263.48.

71. Defendants overstated the amount owed by Plaintiff.

72. Defendants' overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $38,263.48 when Plaintiff owed an amount less than $38,263.48 – is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

73. Defendants' overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $38,263.48 when Plaintiff owed an amount less than $38,263.48 – is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

74. Defendants' overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $38,263.48 when Plaintiff owed an amount less than $38,263.48 – is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

75. Defendants' overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $38,263.48 when Plaintiff owed an amount less than $38,263.48 – is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

76. Defendants' overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $38,263.48 when Plaintiff owed an amount less than $38,263.48 – is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

77. Defendants' overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $38,263.48 when Plaintiff owed an amount less than $38,263.48 – is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

78. Defendants' overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $38,263.48 when Plaintiff owed an amount less than $38,263.48 – is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

79. Defendants' overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $38,263.48 when Plaintiff owed an amount less than $38,263.48 – is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

80. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

83. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

84. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

85. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

86. The Letter claims that Plaintiff owes $38,263.48.

87. Plaintiff did not owe $38,263.48.

88. Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

89. Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

90. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

## FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

91. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

92. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

93. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

8

94. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

95. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

96. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

97. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

98. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

99. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

100. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

101. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

102. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

103. The Letter alleges that Plaintiff owed $38,263.48.

104. Plaintiff did not owe $38,263.48.

105. Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

106. Defendants' allegation that Plaintiff owed $38,263.48, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false

9

representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

107. Defendants' allegation that Plaintiff owed $38,263.48, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

108. Defendants' allegation that Plaintiff owed $38,263.48, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

109. Defendants' allegation that Plaintiff owed $38,263.48, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

110. Defendants' allegation that Plaintiff owed $38,263.48, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

111. Defendants' allegation that Plaintiff owed $38,263.48, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

112. Defendants' allegation that Plaintiff owed $38,263.48, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

113. Defendants' allegation that Plaintiff owed $38,263.48, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

114. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## **FIFTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**

115. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

116. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

117. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

118. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

119. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

120. The Letter claims the name of the creditor to whom the alleged Debt is owed is Pinnacle Credit Services, LLC.

121. Plaintiff did not owe the alleged Debt to Pinnacle Credit Services, LLC.

122. Pinnacle Credit Services, LLC never offered to extend credit to Plaintiff.

123. Pinnacle Credit Services, LLC never extended credit to Plaintiff.

124. Plaintiff was never involved in any transaction with Pinnacle Credit Services, LLC.

125. Plaintiff never entered into any contract with Pinnacle Credit Services, LLC.

126. Plaintiff never did any business with Pinnacle Credit Services, LLC.

127. Plaintiff was never indebted to Pinnacle Credit Services, LLC.

128. Pinnacle Credit Services, LLC is a stranger to Plaintiff.

129. Defendants' statement that Pinnacle Credit Services, LLC is "the name of the creditor to whom the debt is owed," when Pinnacle Credit Services, LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

130. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(2) and are liable to Plaintiff therefor.

### SIXTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

131. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

132. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

133. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

134. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

135. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

136. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

137. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

138. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

139. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

140. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

141. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

142. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

143. The Letter claims that Plaintiff owes a debt to Pinnacle Credit Services, LLC.

144. Plaintiff did not owe a debt to Pinnacle Credit Services, LLC.

145. Pinnacle Credit Services, LLC never offered to extend credit to Plaintiff.

146. Pinnacle Credit Services, LLC never extended credit to Plaintiff.

147. Plaintiff was never involved in any transaction with Pinnacle Credit Services, LLC.

148. Plaintiff never entered into any contract with Pinnacle Credit Services, LLC.

149. Plaintiff never did any business with Pinnacle Credit Services, LLC.

150. Plaintiff was never indebted to Pinnacle Credit Services, LLC.

151. Pinnacle Credit Services, LLC is a stranger to Plaintiff.

152. Defendants' allegation that Plaintiff owed a debt to Pinnacle Credit Services, LLC, when Plaintiff did not owe a debt to Pinnacle Credit Services, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

153. Defendants' allegation that Plaintiff owed a debt to Pinnacle Credit Services, LLC, when Plaintiff did not owe a debt to Pinnacle Credit Services, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

154. Defendants' allegation that Plaintiff owed a debt to Pinnacle Credit Services, LLC, when Plaintiff did not owe a debt to Pinnacle Credit Services, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

155. Defendants' allegation that Plaintiff owed a debt to Pinnacle Credit Services, LLC, when Plaintiff did not owe a debt to Pinnacle Credit Services, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

156. Defendants' allegation that Plaintiff owed a debt to Pinnacle Credit Services, LLC, when Plaintiff did not owe a debt to Pinnacle Credit Services, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

157. Defendants' allegation that Plaintiff owed a debt to Pinnacle Credit Services, LLC, when Plaintiff did not owe a debt to Pinnacle Credit Services, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

158. Defendants' allegation that Plaintiff owed a debt to Pinnacle Credit Services, LLC, when Plaintiff did not owe a debt to Pinnacle Credit Services, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

159. Defendants' allegation that Plaintiff owed a debt to Pinnacle Credit Services, LLC, when Plaintiff did not owe a debt to Pinnacle Credit Services, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

160. Defendants' demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

161. Defendants' request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

162. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

163. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

164. Plaintiff seeks to certify two classes of:

  i. All consumers to whom Defendants sent a collection letter in which the amount of the alleged Debt was overstated, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

  ii. All consumers to whom Defendants sent a collection letter attempting to collect an alleged Debt that was in fact not actually owed in that amount or to the entity on behalf of whom Defendants were trying to collect such debt, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the presents.

165. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

166. The Class consists of more than thirty-five persons.

167. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

168. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the

Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

169. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

170. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendants' actions violate the FDCPA; and

    d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: April 1, 2020

        **BARSHAY SANDERS, PLLC**

        By:   */s/ Craig B. Sanders*
        Craig B. Sanders, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        Our File No.: 117575

