PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (646) 808-6358

Admitted In:  NY, NJ, SC, DC and PA



ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ  07932
WWW.GRSM.COM

November 9, 2020

**VIA ECF**
Hon. Eric N. Vitaliano, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Juhyeon Park v. Dynamic Recovery Solutions, LLC**
              **Case No. 1:20-cv-01671-ENV-JO**

Dear Judge Vitaliano:

    We represent Defendants Dynamic Recovery Solutions, LLC ("Dynamic") and Pinnacle Credit Services, LLC ("Pinnacle") (collectively, "Defendants") in the above-referenced matter. Defendants respectfully submit this letter to request a pre-motion conference before making a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

    Plaintiff Juhyeon Park ("Plaintiff") alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692e and § 1692g by sending him a debt collection letter in connection with his Visa Signature credit card account that indicates interest continued to accrue after charge off. (See Dkt 1, Complaint ¶¶ 51-52). Specifically, Plaintiff claims, "The alleged Debt having been charged-off, the creditor may no longer charge such interest." (See *Id.* ¶ 53). Plaintiff does not allege that the charge off balance set forth in the debt collection letter is inaccurate; Plaintiff alleges that the debt collection letter falsely indicates that interest continued to accrue. As a matter of law, even the least sophisticated consumer understands that credit card debt continues to accrue interest. Defendants did not violate the FDCPA by accurately informing Plaintiff of that interest. Plaintiff has not provided any documentation to support his claim or establish that the amount of interest is incorrect.

    On October 1, 2006, US Bank NA ND ("US Bank") issued a Visa Signature credit card to Plaintiff. When the account was charged off on June 29, 2007, there was a balance of $20,503.98. Thereafter, interest continued to accrue until April 25, 2016 totaling $17,759.50. The debt collection letter dated April 15, 2019 sent to Plaintiff accurately shows the following:

        Charge-off Balance:                $20,503.98
        Interest Accrued since Charge-off:    $17,759.50
        Current Balance:                   $38,263.48

    Plaintiff's Complaint does not dispute that the charge-off balance was $20,503.98. Plaintiff, who has the burden of proof, admitted that he does not possess the credit card member agreement or

November 9, 2020
Page 2

any invoices or account statements to refute the fact that interest can be charged in connection with the credit card. Plaintiff also admitted that he does not have any actual damages. Plaintiff's allegation that no interest can accrue after charge-off has no basis in law or fact.

Defendants did not violate the FDCPA by sending Plaintiff a debt collection letter indicating that interest accrued after charge off. Section 1692g requires the debt collection letter to include the amount of the debt. Section 1692e prohibits a debt collector from using any "false, deceptive, or misleading representation" to collect a debt.

"Federal law does not explicitly prohibit debt collectors from charging interest on accounts that have been charged off." *Rice v. Resurgent Capital Servs., L.P.*, No. 15-cv-6319, 2017 U.S. Dist. LEXIS 20932, at *16 (E.D.N.Y. Feb. 13, 2017). When determining whether a collection letter violates the FDCPA, courts utilize an objective standard based on the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). In *Weiss v. Zwicker & Assoc.*, 664 F. Supp.2d 214 (E.D.N.Y. 2009), the plaintiff alleged that the second debt collection letter, which showed an increased balance from the first debt collection letter, violated the FDCPA. The court concluded, "[T]here is nothing confusing or misleading about the increased amount of debt stated in the [second letter] as even the most unsophisticated consumer would understand that credit card debt accrues interest." *Id.* at 217. The court further concluded that the letter did not violate the "amount of debt" provision in Section 1692g(a)(1). *Id.* at 217.

Here, it is undisputed that Plaintiff opened a credit card with US Bank. Plaintiff also does not dispute the balance of the debt at the time of charge off. Instead, he makes the argument that interest could not continue to accrue on her credit card debt, which has no basis in the law. Even the least sophisticated consumer would understand that credit card debt accrues interest. He has provided zero documentation to support his unfounded allegation that interest could not continue to accrue. Defendants have not engaged in any misleading or deceptive practices by indicating that interest continued to accrue on his credit card debt or violated any provision of the FDCPA.

Plaintiff's entire Complaint is based on the incorrect assertion that no interest could be charged after his credit card account was charged off. As a matter of law, the court has held that even the least sophisticated consumer understands that credit card debt continues to accrue interest. Plaintiff, who has the burden of proof, has produced zero documentation to establish that interest could not accrue on the account. The debt collection letter accurately reflects the current balance; Defendants did not violate the FDCPA.

For the foregoing reasons, Defendants respectfully requests that they be permitted to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

                                                Respectfully submitted,

                                                GORDON REES SCULLY MANSUKHANI, LLP

                                                PETER G. SIACHOS

cc:    All Counsel of Record – Via ECF