PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (646) 808-6358

Admitted In:  NY, NJ, SC, DC and PA



ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ  07932
WWW.GRSM.COM

November 16, 2020

**VIA ECF**

Hon. Eric N. Vitaliano, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Juhyeon Park v. Dynamic Recovery Solutions, LLC**
              **Case No. 1:20-cv-01671-ENV-JO**

Dear Judge Vitaliano:

      We represent Defendants Dynamic Recovery Solutions, LLC ("Dynamic") and Pinnacle Credit Services, LLC ("Pinnacle") (collectively "Defendants") in the above-referenced matter. Defendants respectfully submit this letter in response to the request of Plaintiff Juhyeon Park ("Plaintiff") for a pre-motion conference (Dkt 17) before making a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

      In the First through Fourth Counts of the Complaint, Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692e and § 1692g by sending him a debt collection letter in connection with his Visa Signature credit card account that indicates interest continued to accrue after charge off. Specifically, Plaintiff claims, "The alleged Debt having been charged-off, the creditor may no longer charge such interest." (See Dkt 1, Complaint ¶ 53).

      Section 1692g(a)(1)  requires a debt collector to identify "the amount of the debt" when sending a debt collection letter. Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The FDCPA does not require the debt collection letter to provide any explanation as to the reason interest stopped accruing. Here, Plaintiff does not allege to have been confused as to whether or not interest continued to accrue; instead, Plaintiff inaccurately alleges that interest could not accrue on a charged-off debt. "Federal law does not explicitly prohibit debt collectors from charging interest on accounts that have been charged off." *Rice v. Resurgent Capital Servs., L.P.*, No. 15-cv-6319, 2017 U.S. Dist. LEXIS 20932, at *16 (E.D.N.Y. Feb. 13, 2017).

Accordingly, Plaintiff's request for summary judgment should be denied. Defendants are entitled to summary judgment with respect to the First through Fourth Counts.

In the Fifth and Sixth Counts, Plaintiff alleges that Defendants violated Sections 1692e and 1692g of the FDCPA by sending him a debt collection letter that indicates he owed any debt to Pinnacle. The entire premise of Plaintiff's claim is that he never contracted with or directly incurred that debt from Pinnacle. (See Dkt 1, Complaint ¶¶ 122-128, 145-151). The debt collection letter, which is attached to the Complaint as Exhibit 1, sets forth the amount of the debt as well as the name of the original creditor (US Bank NA ND) and the current creditor (Pinnacle). After Plaintiff incurred the debt, Pinnacle acquired the debt from US Bank NA ND. As the debt collection letter clearly states, Pinnacle is the current creditor of the debt that Plaintiff originally incurred from US Bank NA ND. Tellingly, Plaintiff does not deny incurring the debt from US Bank NA ND.

Identifying the amount of the debt owed to the current creditor, Pinnacle, as required by Section 1692g(a)(2), does not violate the FDCPA. Section 1692g(a)(2) requires a debt collector to identify "the name of the creditor to whom the debt is owed." Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Here, Defendants have not violated Section 1692g or 1692e by identifying the amount of the debt owed to the current creditor, Pinnacle. Plaintiff, who merely alleges that he did not directly conduct business with the current creditor, has failed to state a claim under Sections 1692g or 1692e.

When analyzing whether a debt collection letter complied with Section 1692g(a)(2), the court noted:

> The statute only requires the disclosure of the name of the *current* creditor. This is evidenced by the fact that the statute requires debt collectors to furnish "a statement that, upon the consumer's written request within the third-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

*Wong v. Phelan Hallinan & Diamond, PC*, No. 14-3252, 2015 U.S. Dist. LEXIS 82986, at *6 (D.N.J. June 25, 2015) (emphasis added) (quoting 15 U.S.C. § 1692a(5)). In the within matter, the debt collection letter not only identified the current creditor, Pinnacle, but the original creditor, US Bank NA ND, as well.

The fact that Plaintiff had not previously conducted business with Pinnacle is not a basis to claim an FDCPA violation. In *Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12-cv-4281, 2014 U.S. Dist. LEXIS 126804, at *1 (E.D.N.Y. Sept. 20, 2014), the court dismissed the plaintiff's amended complaint for failing to state a claim when the letter identified the current creditor as the "Client." Significantly, the plaintiff had not conducted any business or held any account with the current creditor before receiving the letter. *Id.* at *2. Just as in the within matter, the plaintiff alleged that the debt collector violated Sections 1692g(a)(2) and 1692e. *Id.* at *4. The court

November 16, 2020
Page 3

concluded that the least sophisticated consumer would have understood the identity of the current creditor and dismissed the Section 1692g(a)(2) claim. *Id.* at *12. Because the defendant "clearly indicated" the current creditor in the letter, the Section 1692e was similarly dismissed. *Id.* at *14. Providing the information required by Section 1692g cannot be a violation of 1692e.

      Here, in compliance with Section 1692g(a)(2), Defendants clearly indicated Pinnacle as the current creditor to whom the debt is now owed. The FDCPA does not require the debt collection letter to include any additional information as to how the current creditor acquired the debt. Accordingly, Plaintiff's request for summary judgment should be denied. Defendants are entitled to summary judgment with respect to the Fifth and Sixth Counts as well.

      For the foregoing reasons, Defendants are entitled to summary judgment.

                          Respectfully submitted,

                          GORDON REES SCULLY MANSUKHANI, LLP

                          PETER G. SIACHOS

cc:     All Counsel of Record – Via ECF