

100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530
T: 516-203-7600
F: 516-281-7601

November 16, 2020

**<u>Via ECF</u>**
Hon. Eric N. Vitaliano, U.S.D.J.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Park v. Dynamic Recovery Solutions, LLC and Pinnacle Credit Services, LLC*
             <u>Docket No: 1:20-cv-01671-ENV-JO</u>

Dear Judge Vitaliano:

      We are the attorneys for Plaintiff in this matter and submit this letter in response and in opposition to the request of Defendants Dynamic Recovery Solutions, LLC and Pinnacle Credit Services, LLC ("Defendants") seeking leave to file a motion for summary judgment in this case. *Dkt. No.* 18.

      As was set forth in Plaintiff's letter requesting a pre-motion conference, Plaintiff commenced this action following his receipt of a letter dated November 8, 2018 (the "*Letter*"), through which Defendant, Dynamic Recovery Solutions, LLC ("*Dynamic*") was seeking to collect a debt purportedly owed to Defendant Pinnacle Credit Services, LLC ("*Pinnacle*"), in the amount of $38,263.48 (the "alleged Debt"). Defendants allege that Pinnacle purportedly acquired the rights to the alleged Debt, which was originally owed (if at all) to "US Bank NA ND." *Dkt. No.* 1-1.

      In this action Plaintiff alleges that the Letter violates the FDCPA by, *inter alia,* failing to set forth the amount of any alleged debt and by failing to state the name of the creditor to whom any alleged debt is owed. More specifically, Counts 1 and 2 of the Complaint collectively allege that the Letter does not accurately state the amount of the alleged Debt insofar as it includes a line-item for post charge-off interest, whereas Plaintiff's account agreement does not provide for the assessment of post charge-off interest. By including amounts for improperly charged interest, the Letter overstates the amount of any debt allegedly owed. Counts 3 and 4 of the Complaint allege that the Letter fails to state the amount of the alleged Debt for a different reason—specifically—that Plaintiff does not owe any debt or monies of any kind to Pinnacle.

      Relatedly, Counts 5 and 6 of the Complaint allege that the Letter falsely represents that Pinnacle is a creditor of Plaintiff. These claims are based on the fact that Pinnacle never offered to extend any credit to Plaintiff and, in fact, did not extend any credit to Plaintiff. Further, Plaintiff was never involved in any transaction with Pinnacle, never did any business with Pinnacle, and was never indebted to Pinnacle. Stated otherwise, the Complaint alleges that Pinnacle was and is a stranger to Plaintiff. Insofar as Pinnacle holds no legally cognizable right, title or interest in the



alleged Debt originating with US Bank NA ND, there is no basis for Defendants' contention that Plaintiff is indebted in any way to Pinnacle.

In their pre-motion conference letter, Defendants aver that they should be entitled to file a motion for summary judgment on the grounds that "even the least sophisticated consumer understands that credit card debt continues to accrue interest." *Dkt. No.* 18 at p. 1. While this may be a truism, it does not necessarily pertain to a debt that has been charged-off and is no longer in the hands of a third-party alleged purchaser (such as Pinnacle), who holds the alleged debt solely under the terms and conditions of the original credit agreement.

Here, Defendants have failed or otherwise refused to produce any agreement between Plaintiff and the original creditor which would support their right to assess post charge-off interest on the alleged debt. More importantly, however, is that Defendants admit that they stopped charging interest on the alleged debt some four years prior to the date on which this action was commenced—but the Letter does not advise Plaintiff of this occurrence. Under such circumstances, Defendants' argument is entirely duplicitous. More specifically, while Defendants argue on the one hand that "even the least sophisticated consumer understands that credit card debt continues to accrue interest," it does not address the fact that interest <u>was not</u> accruing on the alleged debt on the date that the Letter was sent. In such a circumstance, the Court should have no trouble finding that the Letter is deceptive and/or misleading.

Similarly, Defendants' pre-motion conference letter is simply dismissive of the claims which allege that Defendants failed to set forth the name of the creditor to whom any alleged debt is owed. More specifically, Defendants contend that because the Letter identifies Pinnacle as the current creditor, it complies with the requirements of § 1692g(a)(2). Defendants' argument in this regard id *a fortiori* reasoning at its finest, and does not address the fact that they have failed, refused, or have otherwise been able to prove by legally sufficient evidence that Pinnacle—as an alleged tertiary purchaser of Plaintiff's alleged debt—actually acquired any legally cognizable right, title or interest to same.

Indeed, as was set forth in Plaintiff's separate letter seeking leave to file a motion for summary judgment, Pinnacle's purported interest in the alleged debt is based upon nothing more than a bulk bill of sale from a mediate transferee. Because New York Courts have found such generic documents to be insufficient to support even the grant of a default judgment to a debt buyer, such as Pinnacle (see, e.g., *JP Morgan Chase Bank, N.A. v. RADS Group, Inc*., 88 A.D.3d 766, 930 N.Y.S.2d 899 (2d Dept. 2011)), the Court should find that Defendants have failed to make a sufficient case for the grant of summary judgment.

Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Brown v. Eli Lilly & Co*., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). The movant has the initial burden of showing the absence of any genuine dispute as to a material fact. *McLee v. Chrysler Corp*., 109 F.3d 130, 134 (2d Cir. 1997) (citation omitted). Once the moving party has met its burden, the burden shifts to the opposing party, who must identify specific facts and affirmative evidence that



contradict those offered by the moving party to demonstrate that there is a genuine issue for trial. *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

   Here, there is no evidence to support Defendants' contention that Pinnacle is, in fact, the owner of the alleged debt.  Further, the evidence before the Court shows that the Letter was deceptive as a matter of law, insofar as Defendants argue on the one hand that "even the least sophisticated consumer understands that credit card debt continues to accrue interest," however, on the date that the Letter was sent, Defendants admit that interest was <u>not</u> accruing on the alleged debt.

   For these reasons, as well as those set forth more fully in Plaintiff's separate request for leave to file a motion for summary judgment, it is respectfully requested that Defendants' request to file a motion for summary judgment be denied in its entirety.

   Thank you.

                Respectfully submitted,


                <u>/s *Jonathan M. Cader*</u>
                Jonathan M. Cader