**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JUHYEON PARK, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

DYNAMIC RECOVERY SOLUTIONS, LLC and PINNACLE CREDIT SERVICES, LLC,

    Defendant.

Case No.: 1:20-cv-01671-ENV-JO

## JOINT [PROPOSED] PRE-TRIAL ORDER

Pursuant to this Court's Individual Practice Rules, the parties submit the following joint [proposed] pre-trial Order for the Court's consideration:

    **1.    Full caption of the action:**

The full caption of the action is set forth in the caption above. There are three Plaintiffs and one Defendant, all of whom are named in the caption.

    **2.    The names, addresses (including firm names), telephone, fax numbers, and email addresses of trial counsel and *pro se* parties.**

For Plaintiff:

Craig B. Sanders, Esq.
David M. Barshay, Esq.
Jonathan Cader Esq.
BARSHAY SANDERS, PLLC
100 Garden City Plaza, 5th Floor
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 203-7601
csanders@barshaysanders.com
dbarshay@sbglawny.com
jcader@barshaysanders.com

For Defendants:

Peter G. Siachos, Esq.
Stephanie Imbornone, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
One Battery Park, 28th Floor
New York, NY 10004
Telephone: (212) 269-5500
Facsimile: (212) 269-5505
Email: psiachos@grsm.com
       simbornone@grsm.com

**3.     A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

Plaintiff submits that this Court has subject matter jurisdiction over the violations of the Fair Debt Collection Practices Act pursuant to 28 U.S.C. § 1331.

Defendants also submit that this Court has subject matter jurisdiction

**4.     A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matters, but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.**

Plaintiff's Summary:

The Complaint in this action sets forth six (6) claims for relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"). All of the claims arise from a letter sent by Defendants to Plaintiff dated April 15, 2019 (the "*Letter*"), through which Defendant, Dynamic Recovery Solutions, LLC ("*Dynamic*") was seeking to collect a debt purportedly owed to Defendant Pinnacle Credit Services, LLC ("*Pinnacle*"), in the amount of $38,263.48 (the "*alleged Debt*"). The Letter was the initial communication sent by Defendants to Plaintiff with respect to the alleged Debt and, therefore, is subject to the additional requirements of 15 U.S.C. § 1692g, as well as the provisions of the FDCPA applicable to all communications between debt collectors and consumers.

Count 1 of the Complaint alleges that the Letter does not accurately state the amount of the alleged Debt, insofar as it includes a line-item for post charge-off interest, whereas Plaintiff's account agreement does not provide for the assessment of post charge-off interest. By including amounts for improperly charged interest, the Letter overstates the amount of any debt allegedly owed in violation of § 1692g(a)(1). Count 2 of the Complaint relatedly alleges that the Letter falsely

represents the amount, character and/or legal status of the alleged Debt in violation of §§ 1692e, 1692e(2)(A) any 1692e(10) by falsely stating that post charge-off interest is owed.

Count 3 of the Complaint alleges that the Letter does not accurately state the amount of the alleged Debt, insofar as Plaintiff does not owe any debt of any kind to Pinnacle.  Count 4 of the Complaint relatedly alleges that the Letter falsely represents the amount, character and/or legal status of the alleged Debt in violation of §§ 1692e, 1692e(2)(A) any 1692e(10) by falsely stating that Plaintiff owes any monies of any kind to Pinnacle.

Counts 5 of the Complaint alleges that the Letter failed to identify the name of the creditor as is required by § 1692g(a)(2), insofar as Plaintiff owes no debt or monies of any kind to Pinnacle. Count 6 of the Complaint relatedly alleges that the Letter falsely represents the amount, character and/or legal status of the alleged Debt in violation of §§ 1692e, 1692e(2)(A) any 1692e(10) by falsely stating that Pinnacle is a creditor of Plaintiff.

Plaintiff will rely on the provisions of 15 U.S.C. §1692g and 15 U.S.C. §1692e and the case law decided thereunder in support of their claims.

Plaintiff has only six claims in this matter, which are the only claims to be tried.  No other claims have been pled, amended or withdrawn since the filing of the Complaint.

Defendants' Summary:

Plaintiff Juhyeon Park ("Plaintiff") alleges that Defendants Dynamic Recovery Solutions, LLC ("Dynamic") and Pinnacle Credit Services, LLC ("Pinnacle") (collectively "Defendants") violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692e and § 1692g by sending him a debt collection letter in connection with his Visa Signature credit card account that indicates interest continued to accrue after charge off. Specifically, Plaintiff claims, "The alleged Debt having been charged-off, the creditor may no longer charge such interest." The Complaint

makes no reference to the account agreement. Nor does the Complaint allege that any violation of the account agreement occurred due to interest accruing after charge-off. In fact, Plaintiff does not possess the account agreement or have any information related to its terms.

The First Count alleges that Defendants violated § 1692g(a)(1), which requires a debt collection letter to provide the amount of the debt, by indicating that interest continued to accrue after charge-off, thereby overstating the amount of the debt. Similarly, the Second Count alleges that by allegedly overstating the amount of the debt, Defendants violated § 1692e(2)(A) by making a false representation and § 1692e(10) by using deceptive means in an attempt to collect the debt.

Even the least sophisticated consumer understands that credit card debt continues to accrue interest. Defendants did not violate the FDCPA by accurately informing Plaintiff of that interest. Defendants shall rely upon § 1692e, § 1692f, and § 1692g together with case law in support of its position.

The Third Count alleges that Defendants violated § 1692g(a)(1) because Plaintiff did not owe any money to Pinnacle. Similarly, the Fourth Count alleges that by identifying the current creditor as Pinnacle, Defendants violated § 1692e(2)(A) by making a false representation and § 1692e(10) by using deceptive means in an attempt to collect the debt. The Sixth Count also alleges that Defendants violated § 1692g(a)(2) by identifying Pinnacle as the current creditor because Plaintiff did not do any business with Pinnacle.

The Letter sets forth the amount of the debt as well as the name of the original creditor (US Bank NA ND) and the current creditor (Pinnacle). After Plaintiff incurred the debt, Pinnacle acquired the debt from US Bank NA ND. As the Letter clearly states, Pinnacle is the current creditor of the debt that Plaintiff originally incurred from US Bank NA ND. Plaintiff does not deny incurring the debt from US Bank NA ND.

Identifying the amount of the debt owed to the current creditor, Pinnacle, as required by Section 1692g(a)(2), does not violate the FDCPA. Section 1692g(a)(2) requires a debt collector to identify "the name of the creditor to whom the debt is owed." Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Here, Defendants have not violated Section 1692g or 1692e by identifying the amount of the debt owed to the current creditor, Pinnacle. Plaintiff cannot establish any violation of the FDCPA by claiming that he did not directly conduct business with the current creditor. Defendants shall rely upon § 1692e and § 1692g together with case law in support of its position.

Should any violation of the FDCPA be found, which Defendants deny occurring, Defendants shall rely upon the bona fide error defense set forth in § 1692k.

**5.     A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

Plaintiff anticipates that the trial should not take more than one (1) day.

Defendant anticipates that the trial would not take more than one day.

The case is to be tried <u>with</u> a jury.

**6.     A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

The parties do not consent to trial of the case by a magistrate judge.

**7.      Any stipulations or agreed statements of fact or law that have been agreed to by all parties**.

   1.   Plaintiff Juhyeon Park is an individual who is a citizen of the State of New York residing in Queens County, New York.

   2.   Defendant Dynamic Recovery Solutions, LLC, is a South Carolina Limited Liability Company with a principal place of business in Greenville County, South Carolina.

3. Defendant Pinnacle Credit Services, LLC, is a Minnesota Limited Liability Company.

4. Defendants allege Plaintiff owes a debt (the "alleged Debt").

5. In their efforts to collect the alleged Debt, Dynamic Recovery Solutions, LLC sent a letter to Plaintiff dated April 15, 2019 (the "Letter").

6. The Letter identifies US Bank NA ND as the "Original Creditor."

7. The Letter identifies the "Charge-off balance" as being in the amount of $20,503.98.

8. The Letter identifies "Interest Accrued since Charge-off" to be in the amount of $17,759.50.

9. The Letter states the "Current Balance" to be in the amount of $38,263.48.

10. The Letter identifies the "Date of Last Payment" as May 14, 2007.

11. Interest ceased to accrue on the alleged Debt as of April 25, 2016.

12. Interest was not accruing on the alleged Debt on the date the Letter was sent.

**8. A list of the names and addresses of all witnesses, including expert witnesses and possible witnesses who will be called only for impeachment or rebuttal purposes and so designated, together with a brief statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify, except when prompt notice has been given and good cause shown.**

### Plaintiffs' Witnesses

1. Juhyeon Park, Plaintiff
2. Dynamic Recovery Solutions, LLC, Defendant
3. Pinnacle Credit Services, LLC, Defendant

### Defendant's Witnesses

1. Juhyeon Park, Plaintiff
2. Dynamic Recovery Solutions, LLC, Defendant

    3. Pinnacle Credit Services, LLC, Defendant

    4. US Bank National Association ND, 4325 17th Avenue, S.W., Fargo, North Dakota 58103

**9.** **A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

There have been no depositions taken in this case.

**10.**

    **(a) A statement of stipulated facts, if any.**

    See paragraph 7, above

    **(b) A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties will list and briefly describe the bases for any objections that they have to the admissibility of any exhibits to be offered by any other party. Only exhibits listed will be received in evidence, except for good cause shown.**

| Offering Party | # of Pages | Description | Authenticity*/ No Objections** |
|---|---|---|---|
| PTX 1 | 2 | Collection letter from Defendants to dated April 15, 2019 | ** |
| PTX 2 | 12 | Dynamic Recovery Solutions, LLC's Responses to Plaintiff's First Request for Production | ** |
| PTX 3 | 4 | Dynamic Recovery Solutions, LLC's Responses to Plaintiff's Request for Admissions | ** |
| PTX4 | 5 | Dynamic Recovery Solutions, LLC's Responses to Plaintiff's First Set of Interrogatories | ** |
| PTX5 | 12 | Pinnacle Credit Services, LLC's Responses to Plaintiff's First Request for Production | ** |
| PTX6 | 4 | Pinnacle Credit Services, LLC's Responses to Plaintiff's Request for Admissions | ** |
| PTX7 | 5 | Pinnacle Credit Services, LLC's Responses to Plaintiff's First Set of Interrogatories | ** |
| PTX8 | 22 | Defendants' combined document production | ** |

| Offering Party | # of Pages | Description | Authenticity*/ No Objections** |
|---|---|---|---|
| DTX1 | 3 | Collection letter from Defendants to dated April 15, 2019 | ** |
| DTX2 | 12 | Dynamic Recovery Solutions, LLC's Responses to Plaintiff's First Request for Production | ** |
| DTX3 | 4 | Dynamic Recovery Solutions, LLC's Responses to Plaintiff's Request for Admissions | ** |
| DTX4 | 5 | Dynamic Recovery Solutions, LLC's Responses to Plaintiff's First Set of Interrogatories | ** |
| DTX5 | 12 | Pinnacle Credit Services, LLC's Responses to Plaintiff's First Request for Production | ** |
| DTX6 | 4 | Pinnacle Credit Services, LLC's Responses to Plaintiff's Request for Admissions | ** |
| DTX7 | 5 | Pinnacle Credit Services, LLC's Responses to Plaintiff's First Set of Interrogatories | ** |
| DTX8 | 22 | Defendants' combined document production | ** |
| DTX9 | 8 | Plaintiff's Responses to Defendants' First Requests for Production | ** |
| DTX10 | 3 | Plaintiff's Responses to Defendants' First Requests for Admissions | ** |
| DTX11 | 12 | Plaintiff's Responses to Defendants' First Set of Interrogatories | ** |

Dated: November 30, 2020

**BARSHAY SANDERS, PLLC**

/s Craig B. Sanders
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
csanders@barshaysanders.com

*Lead Counsel for Plaintiff*

**GORDON REES SCULLY MANSUKHANI, LLP**

s/ Peter G. Siachos
Peter G. Siachos, Esq.
One Battery Park, 28th Floor
New York, NY 10004
Tel: (212) 269-5500
psiachos@grsm.com

*Lead Counsel for Defendants*

APPROVED:

_____
HON. ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE