UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
JUHYEON PARK, individually and on behalf of all : 
others similarly situated, :
: 
                           Plaintiff, :   MEMORANDUM & ORDER
:
         -against- :   20-cv-1671 (ENV) (JO)
:
:
DYNAMIC RECOVERY SOLUTIONS, LLC and :
PINNACLE CREDIT SERVICES, LLC, :
:
                          Defendants. :
----------------------------------------------------------------- x

VITALIANO, D.J.

      On April 2, 2020, Juhyeon Park filed this action against Dynamic Recovery Solutions, LLC and Pinnacle Credit Services, LLC, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") on behalf of himself and others similarly situated. Plaintiff claims that defendants violated FDCPA provisions §§ 1692g(a)(1), 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10) through the use of an allegedly inaccurate and misleading debt collection notice. The parties have cross-moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the reasons set forth below, defendants' motion is granted and plaintiff's motion is denied.

Background[1]

      At some point prior to 2007, Park obtained a Visa-branded store credit card issued by US Bank N.A., ND. *See* Defs.' 56.1 Reply, Dkt. 27-5, ¶ 7. He claims to have used the card

---

[1] The facts are derived from the operative complaint, the parties' Rule 56.1 statements and any declarations and exhibits submitted by the parties. Any factual disputes are noted. *See Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011).

exclusively for personal expenses. *Id*. ¶ 8. Park began to fall behind on his payments in or around May 2007. *Id*. ¶ 9. The account was subsequently transferred to Pinnacle Credit Services, LLC, a Minnesota-based debt collection agency. *Id*. ¶¶ 5, 10.

On or around April 15, 2019, Dynamic Recovery Solutions, LLC sent Park a debt collection letter to his Flushing address, seeking to collect an outstanding balance of $38,263.48. *Id*. ¶ 14; Letter, Dkt. 1-1, at 1–2. This was the first letter Park had received from Dynamic. Defs.' 56.1 Reply ¶ 16. The letter identified Pinnacle as the current creditor and US Bank as the original creditor. *Id*. ¶¶ 19–20; Letter at 1. It itemized the debt as follows:

> Current Balance: $38,263.48
> Charge-off Balance: $20,503.98
> Interest Accrued since Charge-off: $17,759.50
> Non-interest charges accrued since charge-off: $0.00
> Non-interest fees accrued since charge-off: $0.00
> Total amount of payments made on the debt since the charge-off: $0.00

Letter at 1.

Park received and read the letter, which begat this lawsuit. The complaint asserts that the letter made two inaccurate and misleading statements in violation of FDCPA provisions §§ 1692g(a)(1), 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10). *See* Compl., Dkt. 1, ¶ 37. *Id*. ¶¶ 41–169. First, Park claimed that the interest line was inaccurate because no interest could lawfully accrue on his debt after charge-off. *Id*. ¶¶ 41–90. Interest had stopped accruing by April 25, 2016. Defs.' 56.1 Reply ¶ 38. Second, Park claimed the listing of Pinnacle as the current creditor was incorrect because he had no notice or proof of the debt's transfer from US Bank to Pinnacle, a company with whom he had no prior dealings. Compl. ¶¶ 91–162.

## Legal Standard

Summary judgment shall be granted in the absence of a genuine dispute as to any material fact and upon a showing that the movant is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 26 (1986). "[A] fact is material if it 'might affect the outcome of the suit under the governing law.'" *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of the City of New York*, 746 F.3d 538, 544 (2d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). Courts do not try issues of fact at the summary judgment stage, but instead merely "determine whether there are issues of fact to be tried." *Sutera v. Schering Corp.*, 73 F.3d 13, 16 (2d Cir. 1995) (quoting *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 244 (2d Cir. 1984)).

The movant bears the burden of demonstrating there is no genuine dispute as to any material fact, *see Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005), and the motion court will resolve all ambiguities and draw all permissible factual inferences in the light most favorable to the party opposing the motion. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Where the nonmoving party "will bear the burden of proof at trial," it bears the initial procedural burden at summary judgment of demonstrating that undisputed facts "establish the existence of [each] element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322–23. "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 33 (2d Cir. 1997). When the parties cross-move for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC*, 628 F.3d 46, 51 (2d Cir. 2010) (quoting *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)).

Discussion

To prevail on an FDCPA claim, a plaintiff must satisfy three requirements: (1) the plaintiff is a "consumer," (2) the defendant is a "debt collector" and (3) the defendant has violated, by act or omission, a provision of the FDCPA. *Suquilanda v. Cohen & Slamowitz, LLP*, No. 10-CV-5868 (PKC), 2011 WL 4344044, at *3 (S.D.N.Y. Sept. 8, 2011). On the instant motion, only the third element is in dispute.

In order to determine whether a communication runs afoul of FDCPA regulations, courts in the Second Circuit apply a standard reflecting the perspective of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). The purpose of the least sophisticated consumer standard is to ensure that FDCPA protects "the gullible as well as the shrewd." *Id*. Because FDCPA is a strict liability statute, a plaintiff need not show that the debt collector intended to deceive in order to prevail on a claim that a communication is misleading. *See Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). However, in applying that standard, a court must be careful to preserve the concept of reasonableness, for the Act does not aid a plaintiff "whose claims are based on 'bizarre or idiosyncratic interpretations'" of the debt collection communications she receives. *Jacobson*, 516 F.3d at 90 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)). "Moreover, the Second Circuit has indicated that because the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law." *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013); *see also Berger v. Suburban Credit Corp.*, No. 04-CV-4006 (CLP), 2006 WL 2570915, at *3 (E.D.N.Y. Sept. 5, 2006) (*citing Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237–38 (2d Cir. 1998)).

4

Homing in on Park's claims, attention is drawn to FDCPA § 1692g, which requires collectors, in their initial letter to the debtor or within five days of it, to provide the debtor with "written notice, commonly called a 'validation notice,' of the amount of the debt and the name of the creditor to whom it is owed." *Belichenko v. Gem Recovery Sys.*, No. 17-CV-1731 (ERK) (ST), 2017 WL 6558499, at *2–3 (E.D.N.Y. Dec. 22, 2017) (quoting 15 U.S.C. § 1692g(a)(1)–(2)). "The notice must include the amount of the debt, the name of the creditor, a statement that the debt's validity will be assumed unless disputed by the consumer within 30 days, and an offer to verify the debt and provide the name and address of the original creditor, if the consumer so requests." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (citing 15 U.S.C. § 1692g(a)).

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This section proscribes a non-exhaustive list of misconduct, including false representations as to "the character, amount, or legal status of a debt," *id.* § 1692e(2)(A), and a catch-all provision barring the use of any other "false representation or deceptive means," *id.* § 1692e(10). "For the purposes of § 1692e, a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Park v. Forster & Garbus, LLP*, No. 19-CV-3621 (ARR) (ST), 2019 WL 5895703, at *4 (E.D.N.Y. Nov. 12, 2019) (internal citation and quotation marks omitted). "[C]ourts in this Circuit have held that the standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g." *Id.* (internal citation and quotation marks omitted).

I. <u>Amount of the Debt</u>

Park's first two claims center on his contention that the letter overstates the amount of his alleged debt by including a line item for post charge-off interest in violation of §§ 1692g(a)(1),

5

1692e, 1692e(2)(A) and 1692e(10).² Park does not deny owing the original balance, but claims—without pointing to any applicable law or contract—that interest could not legally accrue on his debt because it had been charged off. *See* Compl. ¶¶ 41–80; Pl.'s Mem., Dkt. 26-10, at 19–20.

First off, "[a] plaintiff's self-serving statements about the [in]validity of his debt, without direct or circumstantial evidence to support them, cannot defeat a motion for summary judgment," nor entitle him to summary judgment in his favor. *Huebner v. Midland Credit Mgmt., Inc.*, No. 14-CV-6046 (BMC), 2016 WL 3172789, at *6 (E.D.N.Y. June 6, 2016), *aff'd*, 897 F.3d 42 (2d Cir. 2018). Yet unsupported, self-serving statements are all Park offers in support of this argument; he does not, for example, point to any applicable credit card agreement. Moreover, there is no freestanding legal bar to the accrual of such interest. "Neither the federal or state regulations governing debt collection . . . prohibit the collection of interest on accounts that have already been charged off." *Rice v. Resurgent Capital Servs., L.P.*, No. 15-CV-6319 (KAM) (CLP), 2017 U.S. Dist. LEXIS 20932, at *18–19 (E.D.N.Y. Feb. 13, 2017); *see also Llewellyn v. Asset Acceptance, LLC*, No. 14-CV-411 (NSR), 2015 WL 6503893, at *7 (S.D.N.Y. Oct. 26, 2015), *aff'd*, 669 F. App'x 66 (2d Cir. 2016). Nor is including a line item for interest necessarily misleading, as "even the most unsophisticated consumer would understand that credit card debt accrues interest." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 217

---

² To "charge off, as defined in Black's Law Dictionary, is '[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt.'" *Artemov v. TransUnion, LLC*, No. 20-CV-1892 (BMC), 2020 WL 5211068, at *3 (E.D.N.Y. Sept. 1, 2020) (quoting Black's Law Dictionary (11th ed. 2019)). Charging off a debt affords a creditor some tax benefits but "'does not diminish the legal right of the original creditor to collect the full amount of the debt.'" *Id.* at *4 (quoting *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1297 (11th Cir. 2016)). The creditor may also engage the assistance of a debt collector or sell the debt at a discount to a third-party purchaser. *Id.*

(E.D.N.Y. 2009). At bottom, no dispute of material fact is created. There was no violation of §§ 1692g or 1692e by including in the debt collection letter a line stating that Park's debt had accrued $17,759.50 in interest after charge-off.

Reflection on the merits of an adversary's motion can often spark a reawakening. It apparently has here. Park now embraces the view that defendants' sin under FDCPA was not that the interest charge listed in the letter was invalid, but rather that the letter was deceptive because it failed to inform him that interest was no longer accruing. *See* Pl.'s Opp'n Mem., Dkt. 24, at 11–12; Pl.'s Mem. at 20–21. As an initial matter, this theory of misrepresentation fatally departs from the allegations made in the complaint. *Cf. De La Cruz v. Fin. Recovery Servs., Inc.*, No. 17-CV-9931 (PGG), 2019 WL 4727817, at *7 (S.D.N.Y. Mar. 28, 2019). The argument also fails on the merits, as the Second Circuit has held that, as a matter of law, "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e" or inaccurate under § 1692g, which is read "in harmony." *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018).

In fact, the plaintiffs in *Taylor* had received debt collection letters that did not mention interest or inform them that their credit card debts were "static"; that is, that interest was no longer accruing. *Id.* at 214. They made the same argument as Park, claiming the letters were misleading in violation of § 1692e because they could be interpreted to mean that interest either was or was not continuing to accrue. *See id.* In support, they pointed to the Second Circuit's decision in *Avila*, which found FDCPA violations in a debt collection letter that failed to inform plaintiff that her debt was "dynamic," meaning interest *was* actively accruing. *Id.* at 213–14 (citing *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 77 (2d Cir. 2016)). The *Avila* court had declared the letter to be problematic because interest would continue to accrue between the

7

date it was sent and the date it was received or paid, so the consumer would not be settling her debt by paying the amount listed. *Id.* at 214 (citing *Avila*, 817 F.3d at 76).

In *Taylor*, however, the plaintiffs were equipped with the complete, accurate information they needed to repay their debts in full. *Id.* The only "supposed harm" was the consumers "being led to think that there is a financial benefit to making repayment sooner rather than later"—a harm that fell far short of an FDCPA violation. *Id.* Indeed, the court found, requiring debt collectors to tell consumers when their debts were no longer accruing interest, and thus encouraging consumers to delay repayment, could perversely incentivize creditors to continue charging interest. *Id.* at 214–15. It could also increase the risk of consumer confusion. Interpreting FDCPA to bar "a simple and straightforward itemization of the debt" and instead "require that every statement in a debt collection letter be followed by an assurance that the fact stated will not change in the future would result in complex and verbose debt collection letters that are confusing to the least sophisticated consumer—precisely the type of letter the FDCPA is meant to protect consumers against." *Dick v. Enhanced Recovery Co., LLC*, No. 15-CV-2631 (RRM) (SMG), 2016 WL 5678556, at *8 (E.D.N.Y. Sept. 28, 2016).[3]

Park's case presents a similar situation to that of the plaintiffs in *Taylor*. While initially dynamic, Park's debt has been static for the past five years. *See* Defs.' 56.1 Reply ¶ 38. The letter he received did not state this fact. *See* Letter at 1. Like the plaintiffs in *Taylor*, however, Park has the information needed to repay his debt in full, and risks only repaying it earlier than

---

[3] Imposing such a requirement would also further increase the ever-expanding onslaught of § 1692e cases relying on overly literal interpretations of clarificatory circuit decisions. *See Kraus v. Prof'l Bureau of Collections of Maryland, Inc.*, 281 F. Supp. 3d 312, 322 (E.D.N.Y. 2017) (noting that "the number of FDCPA cases filed yearly in this District has more than quintupled" since 2006, relegating FDCPA litigation to "a glorified game of 'gotcha,' with a cottage industry of plaintiffs' lawyers filing suits over fantasy harms the statute was never intended to prevent").

necessary. This is the exact scenario that *Taylor* held does not give rise to an FDCPA violation. *Taylor*, 886 F.3d at 214.

Park seeks to escape this holding and distinguish his case on the basis that, unlike the plaintiffs in *Taylor*, the letter he received listed a non-zero amount of accrued interest. Yet nothing in the reasoning of *Taylor* hinges on the fact that the plaintiffs' debts had not accrued interest. Instead, its core holding is that a letter giving the consumer all the information he needs to repay his debt is not misleading or inaccurate, even where the letter does not disclose that the debt is static. *Taylor*, 886 F.3d at 214–15. One court in this district recently reached the same conclusion when applying *Taylor* to a case involving a letter in which itemized interest had a non-zero but static balance. *See Lundi v. R.A. Rogers, Inc.*, No. 18-CV-3460 (ERK) (RLM), 2019 WL 1232087, at *1–2 (E.D.N.Y. Mar. 15, 2019). The plaintiff, Lundi, had "argue[d] that where a collection letter contains a line item for interest due, the letter must specify whether that interest continues to accrue—even if the balance owed has become static." *Id.* at *2. The court readily rejected this argument in light of *Taylor*, finding the distinction unpersuasive and stating that because "no interest was accruing on his account, Lundi faced no greater harm than the plaintiff in *Taylor*" and could erase his debt by paying the stated amount. *Id.* at *3.

As is clear from *Taylor* and *Lundi*, then, Dynamic and Pinnacle did not violate FDCPA by including a non-zero line-item for accrued interest, or by not disclosing that Park's debt was static. *See also Dow v. Frontline Asset Strategies, LLC*, 783 F. App'x 75, 77 (2d Cir. 2019) (applying *Taylor* and finding no FDCPA violation where letter itemized $0 in interest and did not state that debt was static); *Polizois v. Vengroff Williams, Inc.*, No. 16-CV-7011 (JFB) (GRB), 2018 WL 1443875, at *6 (E.D.N.Y. Mar. 22, 2018) (collecting cases holding that "no such affirmative duty exists" for "a collection letter [to] affirmatively notify a debtor that her

9

balance *is not accruing* interest or fees"). If Park had the means and desire to repay his debt in full, there is no genuine dispute that he could have done so by paying the balance stated in the letter and, therefore, no genuine dispute that the letter's interest line did not violate §§ 1692g or 1692e.[4] Accordingly, defendants' motion for summary judgment on claims one and two is granted, and plaintiff's cross-motion is denied.

II.     Identity of the Creditor

Park's next batch of claims relates to his assertion that he never did any business with Pinnacle and was not informed that his debt had been transferred from his original creditor, US Bank. *See* Compl. ¶¶ 81–162; Pl.'s Mem. at 18; Park Decl., Dkt. 24-2, ¶¶ 14–22. In that context, the Court must first assess whether the least sophisticated consumer would be able to ascertain the identity of the current creditor based on the letter, as is required under § 1692g(a)(2). *See Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12-CV-4281 (DRH) (GRB), 2014 WL 4471396, at *4 (E.D.N.Y. Sept. 10, 2014). The debt collection letter lists Park's "current creditor" as "Pinnacle Credit Services, LLC" and even exceeds FDCPA requirements by listing "US Bank NA ND" as the "original creditor." Letter at 1. The labeling is clear and there is no other way in which even the least sophisticated consumer could interpret it. The letter in

---

[4] In retort, Park cites *Madorskaya v. Frontline Asset Strategies, LLC*, No. 19-CV-895 (PKC) (RER), 2020 WL 423408, at *1 (E.D.N.Y. Jan. 27, 2020). The court in *Madorskaya* held that a letter listing a non-zero interest amount and omitting the fact that the debt was static was misleading, in violation of FDCPA. *Id.* at *6. It found that this scenario was beyond the scope of *Taylor* and instead mirrored *Avila*, where the court found it deceptive not to inform the plaintiff that her debt was continuing to accrue interest. *Id*. This Court disagrees, finding the reasoning and holding of *Lundi* more persuasive and faithful to applicable circuit precedent. Additionally, *Madorskaya* relied heavily on *Meola v. Asset Recovery Sols., LLC*, No. 17-CV-1017 (MKB) (RER), 2018 WL 5020171, at *3 (E.D.N.Y. Aug. 15, 2018), *report and recommendation adopted*, 2018 WL 4660373 (Sept. 28, 2018). Yet the Court finds this reliance misplaced, as *Meola* involved a letter with an *incorrectly* listed interest amount, which is a distinct issue and a clear FDCPA violation.

10

the instant case is far less ambiguous than others deemed to be in compliance with FDCPA. *See Wright*, 2014 WL 4471396, at *4 (holding that a letter labeling the current creditor as "client" was clear and did not violate §§ 1692g or 1692e).

Park claims, however, that the letter is nonetheless rendered deceptive and misleading by the fact that he was not aware Pinnacle had acquired his debt. *See, e.g.*, Pl.'s Mem. at 18; Compl. ¶¶ 121–29. Yet under the FDCPA, "there is simply no requirement in the statute that a debt-collection notice clearly describe *every step* in the chain of ownership that the debt travels to arrive in the current creditor's possession. Rather, the statute requires identification only of 'the name of the creditor to whom the debt is owed.'" *Taylor v. Am. Coradius Int'l, LLC*, No. 19-CV-4890 (EK) (VMS), 2020 WL 4504657, at *3 (E.D.N.Y. Aug. 5, 2020) (quoting 15 U.S.C. § 1692g(a)(2)). This holds true "even if plaintiff did not recognize . . . the current creditor." *Parker v. Mandarich Law Group, LLP*, No. 19-CV-6313 (KAM), 2021 WL 2351177, at *12 (E.D.N.Y. June 9, 2021) (citing *id.*). Furthermore, defendants submitted admissible evidence establishing the chain of ownership of Park's debt as it was sold from US Bank to Fourscore Resource Capital, LLC to Pinnacle. *See* Dkt. 27-4. Park has not introduced any evidence to the contrary, submitting only a declaration claiming he had not previously heard of or done business with Pinnacle or received notice of the sale—allegations that, regardless of their truth, do not establish an FDCPA violation. *See* Park Decl. ¶¶ 14–22. No reasonable jury could find, therefore, that the letter's listing of Pinnacle as the current creditor without additional information on its acquisition of Park's debt was false or deceptive in violation of FDCPA.[5]

---

[5] Confusingly, Park spends much of his briefing focusing on a set of New York state court rules requiring debt buyers to provide an affidavit and documentation of the purchase of the consumer's debt before enforcing a default judgment against the consumer. *See* Pl.'s Mem. at 14–18 (citing N.Y. Comp. Codes R. & Regs. tit. 22 §§ 202.27-a, 208.14-a); *see also id.* at 16 (citing *Berman v. City of New York*, No. 09-CV-3017 (ENV) (CLP), 2012 WL 13041996

11

Defendants' motion for summary judgment on claims three through six is, therefore, granted, and plaintiff's cross-motion is denied.

## Conclusion

For the foregoing reasons, plaintiff's FDCPA claims fail as a matter of law, and the respective cross-motions of the parties are resolved correspondingly.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
        August 11, 2021

                                      /s/ Eric N. Vitaliano
                                      ERIC N. VITALIANO
                                      United States District Judge

---

(E.D.N.Y. Oct. 3, 2012), a decision on New York City licensure laws for debt collectors). This argument is entirely beside the point. FDCPA imposes no such requirements and state procedural rules do not apply here. Moreover, defendants have never sued Park, much less sought to enforce a default judgment against him.